UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS CIVIL RIGHTS PROJECT, <br>     Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER <br> PROTECTION, <br>     Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:24-cv-00535 <br><br> **COMPLAINT FOR DECLARATORY** <br> **AND INJUNCTIVE RELIEF** |

# COMPLAINT

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* seeking to compel U.S. Customs and Border Protection ("CBP"), a component of the U.S. Department of Homeland Security ("DHS"), to immediately release records requested under FOIA relating to the 2023 death of A.D.R.A.[1]

2.  A.D.R.A. was an eight-year-old Garifuna child who loved Peppa Pig and aspired to be a doctor. As Garifuna, A.D.R.A. was part of an Afro-Indigenous people in Honduras who have suffered an ongoing history of anti-Black and anti-Indigenous discrimination. A.D.R.A.'s mother, father, and two older siblings fled Honduras and sought temporary refuge in Panama, where A.D.R.A. was born.

3.  At an early age, A.D.R.A. was diagnosed with a heart condition, and she successfully underwent open-heart surgery when she was five years old. She managed her surgery well and made a full recovery, but her parents were mindful of special considerations for A.D.R.A., given this history and her sickle cell condition.

---

[1] Proceeding under pseudonym and redacting dates per FRCP 5.2.

1

4. A.D.R.A. and her family sought refuge in the United States. On or about May 9, 2023, they presented themselves to Defendant CBP, who took them into custody. The family remained separated in Defendant CBP's custody for the next eight days, where A.D.R.A. contracted an illness.

5. From their initial interaction with Defendant, A.D.R.A. and her family advocated for A.D.R.A. A.D.R.A.'s mother and father implored any official or staff within Defendant CBP facilities that their daughter required special accommodations given her underlying medical conditions. No one listened. When A.D.R.A. fell ill once inside Defendant CBP's facility, the family continued to plead for the care they knew their child needed. No one listened. For days, A.D.R.A.'s mother and father implored officials and staff within the facility to take A.D.R.A. to a hospital. No one listened.

6. On XX/XX/2023, A.D.R.A. lost consciousness immediately after Defendant denied her appropriate medical care while in Defendant's custody. A.D.R.A. was pronounced dead shortly thereafter at a Harlingen hospital located minutes from the facility where Defendant had kept her detained.

7. A.D.R.A.'s death was a "preventable tragedy," and had Defendant CBP heeded the concerns of medical experts, advocates, or even its own internal staff, A.D.R.A. might be alive today.

8. As a result, Plaintiff Texas Civil Rights Project ("TCRP") submitted a Freedom of Information Act ("FOIA") request to Defendant on October 6, 2023. The request, attached hereto as Exhibit 1, sought records concerning A.D.R.A.'s detention and care while in Defendant's custody.

9. Plaintiff sought expedited processing of the October 6 request given the significant media interest in and concerns over Defendant's detention and care of children, as well as to ensure the due process rights relating to A.D.R.A.'s death.

10. Defendant CBP has failed to respond to Plaintiff's request for expedited processing and has explicitly denied Plaintiff's request to produce records related to A.D.R.A.'s death, both in violation of FOIA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), (a)(6)(E)(iii).

12. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 2201–2202.

13. Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e)(1).

## PARTIES

14. Plaintiff Texas Civil Rights Project ("TCRP") is a non-profit and nonpartisan organization committed to ensuring civil rights and the protection of law within Texas. TCRP publishes press releases, opinion pieces, reports, and policy papers. It disseminates information through its website, txcivilrights.org, and social media accounts.

15. Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant has been delegated authority to administer certain provisions of the Immigration and Nationality Act, including those relating to detention, apprehension, and processing of noncitizens who enter the United States at or between ports of entry. Defendant has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**FACTS**

16. On October 6, 2023, Plaintiff submitted a FOIA request to Defendant CBP via Defendant's SecureRelease Online FOIA portal ("online FOIA portal") seeking production of records related to A.D.R.A.'s death as authorized under 5 U.S.C § 552(a)(3). *See* Exhibit 1.

17. On October 9, 2023, via automated email from an unmonitored account stemming from Defendant CBP's online FOIA portal, Defendant confirmed receipt of Plaintiff's request. The receipt acknowledges a FOIA filing date of October 6, 2023, and assigns it tracking number CBP-FO-2024-003024.

18. Given the October 6 filing date, October 23, 2023 is the ten-business day deadline by which Defendant should have responded to Plaintiff's request for expedited processing. *See* 5 U.S. Code § 552 (a)(6)(E)(ii). As of the filing of this suit, Defendant has yet to respond to Plaintiff's expedited processing request.

19. On October 25, 2023, Defendant sent an email to Plaintiff via an unmonitored email account, advising Plaintiff that Defendant is "still conducting searches for records which may be responsive to your request."

20. November 6, 2023, the 20-business day deadline for Defendant to respond to our request, passed without Defendant producing responsive records. *See* 5 USC § 552(a)(6)(A)(i).

21. November 21, 2023, the 10-business day extension of the original 20-business day deadline, also passed without Defendant producing responsive records. *See* 5 USC § 552(a)(6)(B).

22. On December 6, 2023, given Defendant's failure to respond to the request pursuant to FOIA, Plaintiff requested an update from Defendant via Defendant's online FOIA portal.

23. On December 16, 2023, Defendant denied Plaintiff's request for records related to A.D.R.A.'s death. Although Defendant acknowledged responsive records, it denied Plaintiff the

records "in full." Defendant based its denial on an "OPEN/PENDING investigation" and the need to "withhold personally identifiable information (PII) and sensitive personally identifiable information (SPII) of DHS personnel."

24. On March 14, 2024, Plaintiff filed an administrative appeal of Defendant's denial of our Request via Defendant's online FOIA portal.

25. On April 2, 2024, Defendant communicated receipt of Plaintiff's appeal of the FOIA request and assigned it tracking number CBP-AP-2024-001101.

26. Also, on April 2, 2024, Defendant attempted to invoke FOIA's "unusual circumstances" extension due to the "necessity for consultation with multiple offices within CBP." *See* 5 U.S.C. § 552(a)(6)(B). FOIA allows only for a ten-day extension of an agency's response deadline when warranted by "unusual circumstances," and sets additional procedures for extension requests beyond ten days, which Defendant failed to meet. *Id.*

27. On April 12, 2024, Defendant's 20-day deadline to respond to our appeal passed without communication from Defendant. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

28. On April 26, 2024, Defendant's deadline to respond to our request, assuming a ten-day extension, also passed without communication from Defendant. *See* 5 U.S.C. § 552(a)(6)(B).

29. Defendant CBP failed to respond to our request in violation of FOIA's statutory and procedural requirements. *See* 5 U.S.C. § 552(a)(6)(C).

## **CLAIMS FOR RELIEF**

### **COUNT I: Violation of 5 U.S.C. § 552(a)(6)(A)(i)**
### **Failure to Make and Communicate Timely Determination of Request**

30. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

31. FOIA requires agencies to issue determinations and communicate those determinations to requesters within twenty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i).

32. Agencies may extend the deadline an additional ten days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

33. To properly issue a determination, agencies must, at a minimum, "inform the requester of the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." C*itizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013).

34. CBP violated FOIA by failing to make the required determinations and to communicate those determinations to Plaintiffs within the designated timeframe.

### COUNT II: Violation of 5 U.S.C. § 552(a)(6)(A)(ii)
### Failure to Make and Communicate Timely Determination of
### Administrative Appeal of Request

35. Plaintiff re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

36. FOIA requires agencies to issue determinations and communicate those determinations to requesters within twenty working days of receiving an appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

37. Agencies may extend the deadline an additional ten days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

38. CBP violated FOIA by failing to make the required determinations and to communicate those determinations to Plaintiffs within the designated timeframe.

**COUNT III: Violation of 5 U.S.C. § 552(a)(3)(C)**
**Failure to Conduct Adequate Search**

39. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

40. Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

41. CBP violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiffs' request.

**COUNT IV: Violation of 5 U.S.C. § 552(a)(4)(B)**
**Unlawful Withholding of Agency Records**

42. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

43. Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

44. CBP violated FOIA by unlawfully withholding records responsive to the Plaintiffs' request other than those that FOIA has exempted.

**COUNT V: Violation of 5 U.S.C. § 552(a)(3)(A)**
**Failure to Make Records Promptly Available**

45. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

46. Agencies must promptly produce records responsive to the properly filed FOIA request. 5 U.S.C. § 552(a)(3).

47. Plaintiffs have a legal right to obtain such records, and no legal basis exists for CBP's failure to disclose them.

48. CBP violated FOIA by failing to produce any records responsive to Plaintiffs' FOIA request.

### COUNT VI: Violation of 5 U.S.C. § 552(a)(6)(E)
### Failure to Make Expedited Processing Determination

49. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

50. Agencies must issue a determination regarding whether to provide expedited processing within ten days of receiving the request. 5 U.S.C § 552(a)(6)(E)(ii)(I), (iii).

51. CBP violated FOIA by failing to issue a timely determination in response to Plaintiffs' request for expedited processing of request CBP-FO-2024-003024.

### COUNT VII: Violation of 5 U.S.C. § 552(a)(6)(B)
### Failure to Meet Requirements for "Unusual Circumstances"

52. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

53. FOIA allows agencies like Defendant CBP to have a ten-day extension when certain "unusual circumstances" apply. 5 U.S.C. § 552(a)(6)(B)(i).

54. If Defendant's "unusual circumstances" require more than a ten-day extension, FOIA requires Defendant to fulfill certain requirements in order for a longer extension. 5 U.S.C. § 552(a)(6)(B)(i), (ii).

55. Defendant violated FOIA by failing to issue a timely determination in response to Plaintiffs' request for expedited processing of request CBP-FO-2024-003024.

### COUNT VIII: Violation of 5 U.S.C. § 552(a)(6)(F)
### Failure to Make a Reasonable Effort to Estimate the Volume of
### Requested Matter and Provide Such Estimate

56. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

57. Agencies must provide an estimate of the volume of information denied pursuant to any request. 5 U.S.C § 552(a)(6)(F).

58. Defendant CBP violated FOIA by failing to provide an estimate of information denied pursuant to request CBP-FO-2024-003024.

### COUNT IX: Violation of 5 U.S.C. § 552(a)(8)
### Failure to Withhold Only Lawfully Exempted Information and Make Partial Disclosures

59. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

60. FOIA allows agencies like CBP to withhold information only pursuant to certain enumerated exemptions. *See* 5 U.S.C. §§ 552(a)(8), (b).

61. If an agency withholds information, FOIA requires the agency to consider partial disclosures of information, segregate and release nonexempt information. 5 U.S.C. § 552(a)(8).

62. CBP violated FOIA by failing to withhold only lawfully exempt information and failing to segregate and release nonexempt information related to request CBP-FO-2024-003024.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

63. Assume jurisdiction over the matter;

64. Order Defendant to issue determinations responsive to Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i);

65. Order Defendant to conduct prompt and adequate searches for all records responsive to Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(3)(C);

66. Enjoin Defendant from continuing to improperly withhold records responsive to the Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(3)(A);

67. Order Defendant to issue a determination responsive to Plaintiffs' request for expedited processing of request CBP-FO-2024-003024 in accordance with 5 U.S.C. § 552(a)(6)(E)(ii)(I);

68. Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiffs' request and any agency justifications for withholding any responsive records;

69. Award Plaintiffs reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E);

70. Award Plaintiffs such further relief as the Court deems just, equitable, and appropriate.

Dated:  May 17, 2024.

Respectfully submitted,

By: */s/ Daniel Hatoum*
Daniel Hatoum
State Bar No. 24099136
daniel@texascivilrightsproject.org
Karla Marisol Vargas*
State Bar No. 24076748
kvargas@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 219
1017 West Hackberry Avenue
Alamo, Texas 78516
(956) 787-8171 ext. 208

*-and-*

Nicole Phillips*
CA Bar No. 203786
nphillips@haitianbridge.org
Erik Crew*
NY Bar No. 5879911
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, California 92120
(949) 603-5751

ATTORNEYS FOR PLAINTIFF

*\*Pro hac vice* application forthcoming